UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID CONLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAGUAR LAND ROVER NA HQ, and DOE DEFENDANTS I-X, inclusive,<br><br>　　　　Defendants. | Case No. 1:24-cv-00607-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

**BACKGROUND**

On October 21, 2024, Plaintiff David Conley filed suit in Bonneville County, alleging claims under the Idaho Lemon Law, the Magnuson-Moss Warranty Act, and state warranty law related to the purchase of a 2023 Land Rover Discovery (Dkt. 1-1; Dkt. 1-2). Defendant Jaguar Land Rover NA HQ removed the case to this Court on December 16, 2024 (Dkt. 1).

On February 17, 2025, Plaintiff's counsel moved to withdraw under Dist. Idaho Loc. Civ. R. 83.6 (Dkt. 9). On March 14, 2025, the Court granted the motion, ordering that Plaintiff had twenty-one days from the filing of proof of service of the withdrawal order to file written notice of representation, and warning that failure to appear either in person or through counsel within that period would result in dismissal with prejudice without further notice (Dkt. 16).

On March 28, 2025, withdrawing counsel filed proof of service of the withdrawal order (Dkt. 17). The twenty-one day period expired on April 18, 2025. To date, Plaintiff has failed to appear in this action either personally or through newly retained counsel.

**MEMORANDUM DECISION AND ORDER - 1**

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal where a plaintiff fails to prosecute or to comply with court rules or orders. Courts weigh five factors in determining whether to dismiss: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the availability of less drastic alternatives, and (5) the public policy favoring disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). A court must also provide notice that dismissal is imminent. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).

## ANALYSIS

**1. Public's Interest in Expeditious Resolution.** Plaintiff's failure to comply with the Court's order and failure to appear has prevented the case from moving forward, weighing in favor of dismissal.

**2. Court's Need to Manage Its Docket.** Plaintiff's inaction has hindered the Court's ability to manage its docket, consuming resources that could be devoted to other cases, also weighing in favor of dismissal.

**3. Risk of Prejudice to Defendants.** Plaintiff's unexplained failure to appear has unreasonably delayed the litigation. Prejudice is presumed from unreasonable delay, and this factor weighs in favor of dismissal.

**4. Availability of Less Drastic Alternatives.** The Court warned Plaintiff in its March 14, 2025, Order that failure to appear within twenty-one days of service would result in dismissal with prejudice in accordance with local rule. This warning satisfies the requirement to consider alternatives.

MEMORANDUM DECISION AND ORDER - 2

**5. Public Policy Favoring Disposition on the Merits.** This factor weighs against dismissal, but lends little support where Plaintiff has failed to move the case forward.

**6. Notice.** Plaintiff was expressly warned that dismissal with prejudice would result from failure to timely respond. The warning requirement is satisfied.

## ORDER

IT IS ORDERED that:

1. Plaintiff David Conley's claims are **DISMISSED WITH PREJUDICE**.

DATED: September 19, 2025

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3